## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent/Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-40116-JAR |
| ) | 11-4174-JAR |
| JORGE CANO, ) | |
| ) | |
| Movant/Defendant. ) | |
| ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Jorge Cano's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. 108). The Government has responded (Doc. 111) by moving for enforcement of the Plea Agreement or alternatively, dismissal of the motion as untimely because it was filed outside the applicable statute of limitations. Cano filed a reply (Doc. 113) and a Motion to Amend his Petition (Doc. 114). After a careful review of the record and the arguments presented, the Court grants the Government's motion and dismisses Cano's motion as untimely.

**I.      Background**

On November 2, 2005, the Topeka, Kansas grand jury charged Cano with one count of possession with the intent to distribute approximately 17 kilograms of cocaine hydrochloride, in violation of 21 U.S.C. § 841(b)(1)(A). On April 17, 2007, Cano entered a conditional plea to this charge, reserving the right to appeal this Court's denial of his Motions to Suppress and the applicability of the 21 U.S.C. § 851 enhancement.[1] Cano averred in the Plea Agreement that he

---

[1] Plea Agreement, Doc. 54.

"voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence."[2] On July 14, 2008, this Court sentenced Cano to 240 months' imprisonment on Count 1.[3]

Cano appealed this Court's denial of his Motions to Suppress to the United States Court of Appeals for the Tenth Circuit, which affirmed the Court's denial on February 8, 2010.[4] On March 2, 2010, the Tenth Circuit issued its Mandate.[5] Cano did not file a petition for certiorari with the Supreme Court. On November 28, 2011, Cano filed the instant § 2255 motion seeking to vacate his sentence.

## II.     Standard

Under § 2255(a):

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

According to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to

---

[2]*Id.* ¶ 11.

[3]Doc. 87.

[4]*United States v. Cano*, 364 F. App'x 490 (10th Cir. 2010).

[5]Doc. 107.

relief, the judge must dismiss the motion . . . .

An evidentiary hearing must be held on a § 2255 motion "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief."[6] Because Cano appears *pro se*, his pleadings are to be construed liberally and not to the standard applied to an attorney's pleadings.[7] If a petitioner's motion can be reasonably read to state a valid claim on which he could prevail, the court should do so despite a failure to cite proper legal authority or follow normal pleading requirements.[8] However, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant."[9] For that reason, the court shall not supply additional factual allegations to round out a petitioner's claims or construct a legal theory on his behalf.[10]

## III.  Discussion

As his sole claim for relief under § 2255, Cano argues that his "conviction violated the U.S. Constitution's 10th Amendment." Cano alleges that the federal drug laws are unconstitutional based upon the Supreme Court's recent decision in *Bond v. United States*.[11] The Government moves for dismissal of Cano's § 2255 motion because he waived the right to pursue any collateral attack on his conviction in the Plea Agreement, or alternatively, because his motion was filed outside the applicable statute of limitations.

---

[6]28 U.S.C. § 2255(b).

[7]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[8]*Id.*

[9]*Id.*

[10]*See Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

[11]131 S. Ct. 2355 (2011).

The Court will first address the statute of limitations issue. Cano did not file a petition for writ of certiorari with the Supreme Court, and his conviction became final on or about May 9, 2010, or ninety days after the Tenth Circuit filed its opinion affirming his conviction and sentence.[12] Cano filed his § 2255 petition on November 28, 2011, over eighteen months after his conviction became final. Section 2255(f) provides a one-year limitations period, which generally runs from "the date on which the judgment of conviction becomes final."[13] That is not the case, however, where the § 2255 motion involves a right newly recognized by the Supreme Court that is made retroactively applicable to cases on collateral review. Under those circumstances, the one-year limitations period begins to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."[14]

Cano's motion and response include numerous references to the Supreme Court's June 2011 opinion in *Bond*.[15] Cano argues that *Bond* establishes a new rule of constitutional law, not previously available to him, that demonstrates that the statute under which he was convicted is unconstitutional. Thus, Cano argues, his motion is timely because it was filed within one year of the Supreme Court's decision in *Bond*. Cano's argument is without merit. In *Bond*, the Supreme Court held that a defendant indicted for violating a federal statute had standing to challenge the

---

[12]*See United States v. Burch*, 202 F.3d 1274, 1279 (10th Cir. 2000) (holding where a defendant does not file a petition for writ of certiorari, direct review is completed and the decision becomes final when the time for filing a certiorari petition expires, *i.e.*, ninety days after the court of appeals issues its judgment); Sup. Ct. R. 13(3) ("The time to file a petition for certiorari runs from the date of the entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate . . . .").

[13]28 U.S.C. § 2255(f)(1).

[14]*Id*. § 2255(f)(3).

[15]131 S. Ct. 2355 (2011).

statute's validity on the ground that it intruded on the sovereignty and authority of the States in violation of the Tenth Amendment.[16] But the Court made clear that none of its precedents would have barred standing, stating that "[t]here is no basis in precedent or principle to deny [the defendant's] standing to raise her claims."[17] Thus, *Bond* did not overturn any existing legal rule or precedent relevant to Cano's conviction or sentence, nor did *Bond* establish any new rule that he could have raised in his direct appeal or in a § 2255 petition. Accordingly, Cano cannot invoke the savings clause based on the Supreme Court's decision in *Bond*, and his motion is untimely.[18]

Because the Court finds that Cano's motion is untimely, it does not reach the appellate waiver issue. The Court notes, however, that Cano's argument that enforcing the waiver in this case results in a miscarriage of justice because the Supreme Court's holding in *Bond* rendered his statute of conviction, 21 U.S.C. § 841(a)(1) unconstitutional, is without merit as discussed above.[19]

*Motion to Amend*

On April 23, 2012, Cano moved to amend his motion to assert claims of ineffective assistance of counsel with respect to his Plea Agreement. This motion was filed well after the

---

[16]*See id.* at 2360, 2367.

[17]*Id.* at 2367.

[18]*See United States v. Ricketts*, No. 12-6087, 2012 WL 3553746, at *1 (10th Cir. Aug. 20, 2012) (affirming denial of 28 U.S.C. § 1651(a) petition because petitioner was not prevented from raising claim in § 2255 motion before the *Bond* decision); *United States v. McCreary*, No. 3:12-307-RJC, 2012 WL 2569077, at *3 (W.D.N.C. July 3, 2012) (denying § 2255 motion as untimely where petitioner argued *Bond* should be applied retroactively); *Matias v. Jett*, No. 12-63, 2012 WL 983683, at *4 (D. Minn. Jan. 13, 2012) (same).

[19]*See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam) (establishing that in deciding whether to enforce a waiver in a plea agreement, the court must determine (1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice).

one-year period of limitations under § 2255 expired. As the Supreme Court has explained, under Fed. R. Civ. P. 15, a habeas petitioner may amend his petition to add claims after the statute of limitations has expired, but those additional claims will not "relate back" if they did not arise out of the "conduct, transaction, or occurrence" set forth in his original timely filed petition.[20] Because Cano's original motion was untimely, however, any amendment to that petition is also untimely. Moreover, the amended claim is factually and legally unrelated to the claim in the original petition, and thus the amendment could not relate back to the original filing date under Rule 15(c) and is untimely.[21] Thus, Cano's motion to amend is denied.

### *Second or Successive Motion*

Because Cano is precluded from amending his § 2255 motion, this Court must treat his amended motion as a second or successive § 2255 motion.[22] Because this second or successive claim under § 2255 was filed without the requisite authorization from the Tenth Circuit, the Court should determine whether it is in the interest of justice to transfer it to the Tenth Circuit under 28 U.S.C. § 1631 or dismiss the petition for lack of jurisdiction.[23] The Tenth Circuit has counseled that "[w]here there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest

---

[20] *Mayle v. Felix*, 545 U.S. 644, 654-64 (2005); *United States v. Espinoza-Saenz*, 235 F.3d 501, 505 (10th Cir. 2000).

[21] *Espinoza-Saenz*, 235 F.3d at 505 (stating that an untimely amendment to a § 2255 motion which, by way of additional facts, clarifies or amplifies a claim or theory may be permissible, but only if the proposed amendment does not seek to add a new claim or insert a new theory into the case).

[22] *See United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006); *United States v. Romero*, 12 F. App'x 751, 754 (10th Cir. 2001) (citing *Espinoza-Saenz*, 235 F.3d at 503).

[23] *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

of justice to transfer the matter to this court for authorization."[24]

The phrase "if it is in the interest of justice" has been interpreted to grant the district court the discretion in making the decision whether to transfer an action or, instead, to dismiss the action.[25] Factors considered in deciding whether a transfer is in the interests of justice include whether the claims would have been time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.[26] A prisoner who wishes to file a successive § 2255 motion has the burden of showing that he satisfies one of the two conditions: either (1) the existence of newly discovered evidence that, if proved and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the movant guilty of the offense; or (2) the existence of a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.[27] Finally, because this is a successive § 2255 motion, the one-year statute of limitations begins running from the date on which the facts supporting his claims presented could have been discovered through the exercise of due diligence.[28]

Cano does not meet either of the two conditions required for a successive § 2255 motion, nor does the claim alleged appear to have merit. Cano argues that counsel was ineffective

---

[24]*Id.*

[25]*Id.* at 1252-53.

[26]*Id.* at 1252 (citing *Trujillo v. Williams*, 465 F.3d 1210, 1233 n.16 (10th Cir. 2006)).

[27]*United States v. Harper*, 545 F.3d 1230, 1232 n.12 (10th Cir. 2008) (citing 28 U.S.C. § 2255(h)).

[28]28 U.S.C. § 2255(f).

because he used "tricky and misleading promises" to persuade Cano to enter into an illegal Plea Agreement, resulting in a twenty-year sentence instead of counsel's promise of a seven-year sentence. However, it is established that a "miscalculation or erroneous sentence estimation by a defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel."[29] Moreover, the record shows that Cano entered into the Plea Agreement with all appropriate information regarding his sentencing. The Court made it clear to Cano in his plea colloquy that he could receive a minimum sentence of ten years, with a worse case scenario of twenty years to life if the sentence enhancement under 21 U.S.C. § 851 applied.[30] The Plea Agreement was a conditional plea that allowed Cano to litigate at the appellate level questions of suppression and the applicability of § 851.[31] Thus, Cano has not shown that "but for the counsel's ineffectiveness" he would have pleaded not-guilty.[32]

The Court finds that Cano's amended motion should be dismissed for lack of jurisdiction because it is a second or successive § 2255 motion and the interests of justice do not require this Court to transfer Cano's motion to the Tenth Circuit. Cano does not assert any claim that meets the requirements of § 2255(h) for filing a second or successive § 2255 motion, and there is no possibility that a meritorious claim will be lost absent transfer of his motion to the Tenth Circuit.

## IV.     Certificate of Appealability

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings

---

[29] *United States v. Gordon*, 4 F.3d 1567, 1570-71 (10th Cir. 1993).

[30] Doc. 101, Plea Tr. at 8-9.

[31] *See* Doc 54, Plea Agreement at 2. Only the suppression issue was raised on appeal. *See United States v. Cano*, 364 F. App'x 490 (10th Cir. 2010).

[32] *United States v. Orr,* Nos. 03-40024-01-JAR, 04-3094-JAR, 2005 WL 731074, at * 4 (D. Kan. Mar. 28, 2005) (citations omitted).

requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling adverse to the petitioner. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[33] A petitioner may satisfy his burden only if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[34] A petitioner is not required to demonstrate that his appeal will succeed to be entitled to a COA. He must, however, "prove something more than the absence of frivolity or the existence of mere good faith."[35] "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it."[36] For the reasons detailed in this Memorandum and Order, Cano has not made a substantial showing of the denial of a constitutional right, and the Court denies a COA as to its ruling denying his original § 2255 motion and dismissing his amended § 2255 motion for lack of jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT** that Cano's Motion to Amend Petition (Doc. 114) is DENIED;

**IT IS FURTHER ORDERED** that Cano's amended § 2255 motion (Doc. 114) is an unauthorized second or successive § 2255 motion that is dismissed for lack of jurisdiction;

**IT IS FURTHER ORDERED** that Cano's Motion to Proceed In Forma Pauperis (Doc. 109) is GRANTED;

---

[33] 28 U.S.C. § 2253(c)(2). The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

[34] *Saiz v. Ortiz*, 393 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 524 U.S. 274, 282 (2004)).

[35] *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).

[36] *Id.* at 336; *see also United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005).

9

**IT IS FURTHER ORDERED** that the Government's Motion to Dismiss (Doc. 111) is GRANTED and its Motion for Enforcement is denied as moot; Cano's Motion to Vacate Pursuant to 28 U.S.C. § 2255 (Doc. 108) is DISMISSED as untimely; Cano is also denied a COA.  **IT IS SO ORDERED.**

Dated: August 27, 2012

                                         S/ Julie A. Robinson

                                         JULIE A. ROBINSON

                                         UNITED STATES DISTRICT JUDGE