**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 05-40116-JAR** |
| | ) | **12-4142 -JAR** |
| **JORGE CANO,** | ) | |
| | ) | |
| **Petitioner.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

On August 27, 2012, the Court dismissed Petitioner Jorge Cano's Motion to Vacate

Pursuant to 28 U.S.C. § 2255 as untimely and dismissed for lack of jurisdiction his amended

§ 2255 motion as an unauthorized second or successive § 2255 motion (Doc. 115). This matter

is before the Court on Cano's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct

Sentence by a Person in Federal Custody (Doc. 116) on the grounds that he was denied effective

assistance of counsel and alternatively, that he should receive the benefit of a revised

Department of Justice "Fast Track" Program.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a defendant may

not file a second or successive motion pursuant to § 2255 unless he first applies to the

appropriate court of appeals for an order authorizing the district court to consider the motion.[1]

Because Cano's second or successive claim under § 2255 was filed without the requisite

authorization from the Tenth Circuit, the Court should determine whether it is in the interest of

justice to transfer it to the Tenth Circuit under 28 U.S.C. § 1631 or dismiss the petition for lack

---

[1]*See* 28 U.S.C. §§ 2244(b)(3), 2255(h).

of jurisdiction.[2]  The Tenth Circuit has counseled that "[w]here there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization."[3]

The phrase "if it is in the interest of justice" has been interpreted to grant the district court the discretion in making the decision whether to transfer an action or, instead, to dismiss the action.[4]  Factors considered in deciding whether a transfer is in the interests of justice include whether the claims would have been time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.[5]  A prisoner who wishes to file a successive § 2255 motion has the burden of showing that he satisfies one of the two conditions: either (1) the existence of newly discovered evidence that, if proved and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or (2) the existence of a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.[6]  Finally, because this is a successive § 2255 motion, the one-year statute of limitations begins running from the date on which the facts supporting his claims presented could have been discovered through the exercise

---

[2]*See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

[3]*Id.*

[4]*Id*. at 1252-53.

[5]*Id*. at 1252 (citing *Trujillo v. Williams*, 465 F.3d 1210, 1233 n.16 (10th Cir. 2006)).

[6]*United States v. Harper*, 545 F.3d 1230, 1232 n.12 (10th Cir. 2008) (citing 28 U.S.C. § 2255(h)).

of due diligence.[7]

Cano does not meet either of the two conditions required for a successive § 2255 motion, nor do the claims alleged appear to have merit. First, Cano argues that his counsel was ineffective because he failed to advise Cano of the immigration consequences of pleading guilty as required by the United States Supreme Court in *Padilla v. Kentucky*,[8] specifically that his attorney never told him that he would be subject to deportation. The rule in *Padilla*, however, is not a new rule of constitutional law that was previously unavailable to Cano. The Supreme Court issued its opinion in *Padilla* on March 31, 2010.[9] Because Cano's judgment of conviction became final on May 9, 2010,[10] the rule requiring counsel to advise him regarding possible deportation was available for Cano to raise in a timely § 2255 motion.[11] Moreover, Paragraph 14 of Cano's Petition to Enter Plea of Guilty provides: "I have been advised and understand that if I am not a U.S. citizen, a conviction of a criminal offense may result in deportation from the United States, exclusion from admission to the United States, and/or denial of naturalization,"[12] belying his claim that he was unaware of the deportation consequences of his plea.

Second, Cano argues that he is eligible for a four-level reduction of his sentence under

---

[7]28 U.S.C. § 2255(f).

[8]— U.S.—, 130 S. Ct. 1473, 1483-84 (2010).

[9]*Id.*

[10]Doc. 115 at 4; citing *United States v. Burch*, 202 F.3d 1274, 1279 (10th Cir. 2000) (holding where a defendant does not file a petition for writ of certiorari, direct review is completed and the decision becomes final when the time for filing a certiorari petition expires, *i.e.*, ninety days after the court of appeals issues its judgment); Sup. Ct. R. 13(3) ("The time to file a petition for certiorari runs from the date of the entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate . . . .").

[11]28 U.S. C. § 2255(f)(1) (providing a one-year limitations period, which generally runs from "the date on which the judgment of conviction becomes final.").

[12]Doc. 54 at 3.

the "Fast Track" Program, citing a recent memorandum issued by the Department of Justice. On motion of the government, U.S.S.G. § 5K3.1 permits a downward departure of four levels pursuant to authorized fast track programs. At the time Cano was sentenced in 2008, the District of Kansas had not implemented the optional Fast Track Program in immigration cases. On January 31, 2012, Deputy Attorney General James M. Cole distributed a Memorandum that implemented uniform fast track programs in all federal districts in an effort to correct sentencing disparities. Cano argues that the Cole Memorandum should be applied retroactively to his proceedings, and he is thus entitled to a four-level sentence reduction. Cano's argument is without merit. The Fast Track Program applies only to defendants who have pleaded guilty to a felony illegal re-entry.[13] In this case, Cano pleaded guilty to possession with the intent to distribute approximately 17 kilograms of cocaine hydrochloride, in violation of 21 U.S.C. § 841(b)(1)(A). "A sentence reduction pursuant to fast track programs is not available for convictions in drug cases."[14] Moreover, the Fast Track Program is not retroactive,[15] and Cano was sentenced in July 2008, years before the Cole Memorandum was issued.[16] Accordingly, Cano's motion does not meet the requirements for second or successive § 2255 motions, and thus the Court dismisses the motion rather than transferring it to the Tenth Circuit.[17]

---

[13]*United States v. Alvarez-Quiroz*, Case No. 06-310(3), 2012 WL 2003501, at *2 (D. Minn. June 5, 2012) (setting forth history of fast track programs).

[14]*Id.*

[15]*Id.* at *3.

[16]*United States v. Uribe*, Case No. 05-30005, 2012 WL 2119912, at *1 (W.D. La. June 8, 2012).

[17]*See United States v. Lara-Jiminez*, 377 F. App'x 820, 822 (10th Cir. 2010) (explaining transfer not in interest of justice when claims clearly do not meet requirements in Section 2255(h)); *In re Cline*, 531 F.3d at 1252 (district court may refuse to transfer motion where motion fails on its face to satisfy any of the authorization standards of Section 2255(h)).

**IT IS THEREFORE ORDERED BY THE COURT** that Cano's Motion under 28

U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc.

116) is an unauthorized second or successive § 2255 motion that is dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: November 14, 2012

 S/ Julie A. Robinson

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE